THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STANDARD INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PAULA ASUNCION, *et al.*,<br><br>Defendant. | CASE NO. C14-0134-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff Standard Insurance Company's unopposed motion for dismissal, discharge, and an award of attorney's fees and costs in this interpleader action. (Dkt. No. 16). Having thoroughly considered Plaintiff's briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion.

I.     **BACKGROUND**

This interpleader action involves the conflicting claims of Defendants Paula Asuncion, Donna Marie Whitaker, Thomas Henderson, Martin Lee Henderson Oroshiba, and Calvin John Henderson to life insurance proceeds in the amount of $20,000. John Charles Henderson, the life insurance policy holder, passed away on August 15, 2013. After his death, his ex-wife Paula Asuncion made a claim to Plaintiff Standard Insurance Company that she is entitled to the benefits as the designated beneficiary under the Policy. Mr. Henderson's surviving siblings—Donna Marie Whitaker, Thomas Henderson, Martin Lee Henderson Oroshiba, and Calvin John

Henderson—have also claimed entitlement to the policy benefits. (*See* Dkt. Nos. 1 at ¶¶ 1–10; 9 at ¶¶ 1–4; 14 at 1–2.) Standard encouraged the named defendants to resolve their conflicting claims amongst themselves, but the claimants could not do so. Plaintiff, fearing that it would exposed to conflicting claims and double liability, filed the instant Complaint in Interpleader on January 28, 2014. (Dkt. No. 1.) Standard also delivered a check in the amount of $20,872.80 to the Clerk of Court on February 4, 2014, which represents the disputed insurance proceeds together with statutory interest. (Dkt. No. 17 at ¶ 3.) With the exception of Paula Asuncion, who was served with process on March 30, 2014 (Dkt. No. 13), all other defendants waived service of process. (Dkt. Nos. 4–6, 8.) Defendants Donna Marie Whitaker and Thomas Henderson are the only named defendants to have appeared and filed an answer to the Complaint.[1] No defendant opposes Plaintiff's instant motion for dismissal, discharge, and attorneys' fees.

## II.   DISCUSSION

Interpleader allows a plaintiff stakeholder to sue all those parties who are asserting or might assert claims to a common fund or property held by the stakeholder, and forces the claimants to litigate who is entitled to the funds or property before the same judge. *Cripps v. Life Ins. Co. of North America,* 980 F.2d 1261, 1265 (9th Cir. 1992); *see generally* 28 U.S.C. § 1335. The purpose of such an action is to shield the uninterested stakeholder from the costs of unnecessary, multiple litigations by parties with competing claims. *See Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000). Under 28 U.S.C. § 1335, the Court has jurisdiction to entertain an interpleader action if (i) the money or property at issue is valued at $500 or more; (ii) two or more adverse claimants of diverse citizenship claim to be entitled to the money or property; and (iii) the plaintiff has deposited the disputed funds into the registry of the court. *See* 28 U.S.C. § 1335. Where an interpleader action is brought pursuant to § 1335, the Court has

---

[1] Defendant Donna Marie Whitaker also filed a motion for default against the non-appearing defendants. That motion is not the subject of this order, as the Court must first determine whether it may appropriately exercise jurisdiction over Plaintiff's Complaint in Interpleader.

authority to enjoin the defendant-claimants from prosecuting any other claims against the plaintiff relating to the benefit under the insurance policy at issue. *See* 28 U.S.C. § 2361. Finally, the Ninth Circuit has recognized that a plaintiff "in an action in the nature of interpleader . . . should be awarded attorney fees for the services of his attorneys in interpleading." *Schrimer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp.,* 306 F.2d 188, 194 (9th Cir. 1962).

Here, Plaintiff's interpleader action is proper under § 1335. The disputed insurance proceeds total $20,000 and have been deposited with the Clerk of Court, and at least two of the defendant-claimants are of diverse citizenship. (*See* Dkt. No. 1 at 1–2; 17 at 2.) Indeed, Plaintiff has disclaimed any interest in the Policy proceeds and encouraged the defendant-claimants to resolve their dispute amongst themselves to no avail; instead, it is now subject to the potential threat of multiple, conflicting claims. As a disinterested stakeholder, Plaintiff is entitled to be discharged from liability. *See*, *e.g.*, *General Electric Capital Assurance v. Van Norman*, 209 F. Supp. 2d 668, 670 (S.D. Texas 2002); *Standard Insurance Co. v. Nelson*, No. C07-0140, 2007 WL 1453099 (W.D. Wash. May 17, 2007). Additionally, Plaintiff's request for an injunction under § 2361 is well founded. Defendants will be enjoined from prosecuting any action against Standard relating to the Policy proceeds, and must instead make their claims to the fund before this Court. *See* 28 U.S.C. § 2361. Finally, because Plaintiff acted in good faith and no Defendant has opposed its request, Standard is entitled to its reasonable attorneys' fees and costs incurred in bringing this action. *See Trustees of the Directors Guild of America-Producer Pension Benefits Plan v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for dismissal, discharge, and attorneys' fees and costs (Dkt. No. 16) is GRANTED. The Court accordingly ORDERS as follows:

(1) Plaintiff Standard Insurance Company is hereby DISMISSED with prejudice from this action and discharged from any and all liability relating to the proceeds of the Group Life Insurance Policy at issue in this litigation.

(2) Defendants are hereby enjoined from prosecuting any action or commencing any claim against Standard relating to the proceeds of the Group Life Insurance Policy at issue in this action, and instead, shall make their claims to the fund in the Court's Registry within thirty (30) days of the date of this Order.

(3) Plaintiff's request for an award of costs and reasonable attorneys' fees is granted. Standard shall file a motion setting forth the specific amount requested with supporting documentation within fourteen (14) days of the date of this Order.

DATED this 18th day of June 2014.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE