THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| STANDARD INSURANCE COMPANY, | CASE NO. C14-0134-JCC |
|---|---|
| Plaintiff, | DEFAULT JUDGMENT AND ORDER OF DISBURSEMENT |
| v. | |
| PAULA ASUNCION, *et al.*, | |
| Defendants. | |

This matter comes before the Court on the motions for default judgment of Defendants Donna Marie Whitaker, Thomas Henderson, Martin Lee Henderson Oroshiba, and Calvin John Henderson. (Dkt. No. 32, 34, 35.) Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motions for the reasons explained herein.

I. <u>BACKGROUND</u>

This is an interpleader action involving a dispute over the proceeds of a life insurance policy administered by plaintiff-in-interpleader Standard Insurance Company ("Standard"). Standard issued a Group Life Insurance Policy to the Washington State Counsel of LEOFF II Personnel Insurance Trust as policyowner, bearing Policy No. 606308-I, with an effective date of January 1, 1999. (Dkt. No. 1, Ex. A.) Joseph Henderson had coverage in the amount of $20,000 under this life insurance policy. He originally named as the policy's beneficiary Ms. Paula Asuncion, his wife at the time. In 2008, Mr. Henderson and Ms. Asuncion divorced, but Mr.

Henderson never changed the beneficiary designation for the life insurance policy. Mr. Henderson died in 2013. Following his death, Ms. Asuncion and Mr. Henderson's surviving siblings disputed their respective entitlements to the proceeds. Ms. Asuncion asserted that the life insurance policy was an ERISA-governed policy and that under the United States Supreme Court's decision in *Egelhoff v. Egelhoff*, 532 U.S. 141 (2001), she is entitled to the policy since she is the listed beneficiary. Defendants Donna Marie Whitaker, Thomas Henderson, Martin Lee Henderson Oroshiba, and Calvin John Henderson are Mr. Henderson's surviving siblings. They claim that the policy is not an ERISA-governed policy, and thus, that Wash. Rev. Code § 11.07.010 automatically revoked the designation in favor of Ms. Asuncion when she and Mr. Henderson divorced. Accordingly, they argue, the Plan documents provide that they are entitled to the funds in absence of any listed beneficiary.

Standard filed this action after receiving the competing claims on the policy from defendants-in-interpleader. In its June 18, 2014 Order, this Court dismissed Standard from this action and discharged it from further liability. (*See* Dkt. No. 21.) In that same Order, the Court found Defendant Paula Asuncion to be in default, and directed the non-appearing sibling-defendants to appear, file any claims to the insurance proceeds, and file motions for default judgment. (Dkt. No. 27.) Defendants Donna Marie Whitaker, Thomas Henderson, Martin Lee Henderson Oroshiba, and Calvin John Henderson have each appeared and asserted their entitlement to the insurance proceeds in equal portions. Each of the sibling-defendants asks the Court to enter default judgment against Defendant Paula Asuncion and award them one-quarter of the remaining insurance funds. (Dkt. Nos. 32, 34, 35.)

## II.     DISCUSSION

"A named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted" if service was properly effected upon them. *Sun Life Assur. Co. of Canada, (U.S.) v. Conroy*, 431 F.Supp.2d 220, 226 (D.R.I. 2006). The Court may accordingly, in its discretion, grant default

judgment against the non-appearing interpleader defendants where the only remaining claimants demonstrate their entitlement to the funds and do not dispute the respective distributions. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (appearing claimants must demonstrate entitlement to benefits); *Nationwide Mutual Fire Ins. Co. v. Eason,* 736 F.2d 130, 133 n. 6 (4th Cir.1984) ("Clearly, if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund."). In exercising this discretion, the Court considers a range of factors, including "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Default judgment is appropriate in this case. First, the sibling defendants and Standard Insurance would suffer prejudice if the Court does not fully and finally resolve the dispute regarding entitlement to the insurance proceeds at issue. Indeed, this is the very reason that Standard brought this action and the Court granted its motion for a discharge from liability. Without the entry of default judgment as to the sibling defendants' entitlement to the proceeds, their claims could not otherwise be resolved, judgment would not be entered to fully release Standard from liability, and the insurance proceeds would merely sit in the Court's registry. *Cf. Aetna Life Ins. Co. v. Bayona,* 223 F.3d 1030, 1034 (9th Cir. 2000) ("Interpleader's primary purpose is not to compensate, but rather to protect stakeholders from multiple liability as well as from the expense of multiple litigation."); *W. Conference of Teamsters Pension Plan v. Jennings,* No. C10–3629, 2011 WL 2609858, at *3 (N.D. Cal. June, 5, 2011) ("Plaintiff and [answering defendant] would suffer prejudice if the Court does not enter default judgment. The dispute concerns [d]efendants' competing claims to interpleaded funds. Without entry of default judgment, the competing stakeholders' claims cannot be resolved.").

The remaining factors also support entry of default judgment. In their answers and claims, the sibling defendants assert their entitlement to the funds under the Plan's terms and provide documentation to support their argument that the applicable plan is not governed by ERISA. Neither here, due to her absence, nor in her previous communications with Standard Insurance Company, did Ms. Asuncion ever provide a substantiated basis for her original assertion that this claim is governed by ERISA's terms (and thus, that she is the proper beneficiary). Because the primary purposes of an interpleader action are "(1) to protect the party depositing the funds with the court from secondary, follow-up actions and (2) to protect the resources of the interpleading party," *W. Reserve Life Assur. Co. of Ohio v. Canul,* Case No. C11-1751, 2012 WL 844589 at *2 (E.D. Cal. March 12, 2012), granting default judgment here based upon Standard's Complaint and Defendants' Answers will protect Standard from further liability and provide a final resolution as to the appearing defendants' entitlement to the funds.

The Court notes that the sum of money here, now less than $20,000, is not extremely large, and neither favors nor disfavors an award of default judgment. *See Jennings,* 2011 WL 2609858 at *3 (finding that the fourth *Eitel* factor is neutral in an interpleader action). However, by virtue of her absence, Ms. Asuncion has failed to provide the Court with any excuse for her failure to answer or otherwise defend, and failed to point to any factual dispute that may turn the case in her favor. Thus, these factors support the entry of default judgment. And finally, Ms. Asuncion's absence precludes a full decision on the merits, which the Federal Rule of Civil Procedure normally favor. Because Ms. Asuncion failed to take part in this action and has made it impractical, if not impossible to reach a decision on the merits, she has forfeited her right to the policy proceeds. The remaining funds shall instead be paid to the sibling defendants pursuant to the Plan's provisions for payment in the absence of any named beneficiary.

//

//

//

### III. CONCLUSION

For the foregoing reasons, Defendants' motions for default judgment (Dkt. Nos. 32, 34, 35) are GRANTED. The Clerk is accordingly AUTHORIZED and DIRECTED to draw four check(s) on the funds deposited in the registry of this Court in the principal amount of $4,225.70 each plus all accrued interest, minus any statutory users fees, payable to Donna Marie Whitaker, Calvin John Henderson, Martin Lee Henderson Oroshiba, and Thomas A. Henderson, respectively, and mail or deliver the checks to those individuals. Pursuant to Local Rule 67, Donna Marie Whitaker, Calvin John Henderson, Martin Lee Henderson Oroshiba, and Thomas A. Henderson shall provide their mailing addresses, Social Security numbers, or Tax ID numbers directly to the Clerk of Court.

The Clerk is further directed to CLOSE this case.

DATED this 21st day of August 2014.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE